Yan Xia HUANG, Petitioner,

v.

Alberto GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–3052.

United States Court of Appeals, Second Circuit.

March 20, 2006.

1. Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

**38**

Thomas V. Massucci, New York, NY, for Petitioner.

Robert A. Behlen, Jr., Assistant U.S. Attorney, Cincinnati, OH (Gregory G. Lockhart, United States Attorney, Southern District of Ohio, on the brief), for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, Circuit Judges, and Hon. JED S. RAKOFF,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION,** it is **ORDERED, ADJUDGED, AND DE-CREED** that the petition for review is hereby **DENIED.**

Yan Xia Huang petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Huang's request for (i) asylum, (ii) withholding of removal, and (iii) relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

When the BIA affirms without opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings for substantial evidence, "reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotations omitted).

On appeal, Huang contests only the BIA's denial of her request for relief under CAT, expressing fear that she would be tortured for violating—twice—China's law against illegal emigration. An alien is entitled to CAT relief if she can prove that she "is more likely than not to be tortured in the country of removal, [with] the burden of proof ... on the applicant." *Wang v. Ashcroft,* 320 F.3d 130, 133–34 (2d Cir. 2003) (internal quotations and citations omitted).

For the following reasons, we conclude that the IJ had substantial evidence for his conclusion that the combination of Huang's testimony and certain documentary evidence was insufficient to establish that it was more likely than not that she would be subjected to torture upon her return to China. First, Huang testified that she had not been subjected to such treatment during her prior period of incarceration in China. *Cf. Tian–Yong Chen v. INS,* 359 F.3d 121 (holding that IJ improperly ignored alien's testimony regarding prior beating). Second, the IJ properly considered the documentary evidence submitted by Huang, but found it too general to support a conclusion that she personally would more likely than not be subjected to cruel and inhuman treatment. *See Wang,* 320 F.3d at 144 n. 21 (stating that while "background evidence concerning general country conditions may be used to sub-

---

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

stantiate the applicant's particular claims," the applicant is only entitled to relief if she establishes that individuals in her particular circumstances "are more likely than not to be tortured"). Third, while Huang's documentary evidence did suggest that returning illegal immigrants might be fined or imprisoned by Chinese authorities, CAT does not protect against such lawful sanctions that do not defeat its object and purpose. *See id.* at 134.

We have considered Huang's remaining arguments and find each of them to be meritless.

For the foregoing reasons, the petition for review is DENIED, and the outstanding motion for stay of removal is DENIED.